**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01602-REB

RCR FARMS, LLC,

    Petitioner,

v.

FEDERAL CROP INSURANCE CORPORATION,

    Respondent.

**ANSWER**

    Respondent the Federal Crop Insurance Corporation ("FCIC") responds as follows to the allegations in Petitioner's Complaint seeking judicial review of the agency's Good Farming Practices ("GFP") determinations (ECF No. 1).

    Respondent denies any allegations not specifically admitted.

**Parties**

    1.    Admits.

    2.    Admits.

**Jurisdiction and Venue**

    3.    Admits.

**Background**

    4.    Admits.

    5.    Respondent admits the allegations in the first sentence of paragraph 5. Respondent admits the allegations of the second and third sentences of paragraph 5 only with respect to Actual Production History ("APH") plans, but otherwise denies the allegations and

characterizations. Respondent admits the allegations in the fourth and fifth sentences of paragraph 5.

6. Admits.

7. Admits.

8. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of paragraph 8. In response to the allegations in the fourth sentence, Respondent admits that a document in the administrative record includes the quoted language, but lacks knowledge or information sufficient to form a belief about the truth of the allegations that this document is a letter provided by Mr. Heggenstaller, or that he is the Head of Agronomy for US Seeds at Syngenta (the owner of the Golden Harvest brand of seeds utilized by RCR Farms).

9. Respondent admits that Petitioner has accurately quoted one sentence of the Good Farming Practices Determination for RCR Farms, LLC, but otherwise denies the allegations and characterizations in paragraph 9.

10. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of paragraph 8. Respondent denies the allegations in the fourth sentence of paragraph 10.

11. Respondent denies the allegations in the first sentence of paragraph 11. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of paragraph 11.

12. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in first three sentences of paragraph 14.  Respondent denies the allegations in the fourth sentence.

15.     Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, with the exception of a Notice of Loss having been filed on or about July 23, 2018, which is admitted.

16.     Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 16.  Respondent admits the allegations in the final sentence of paragraph 16.

17.     Respondent denies the allegations in the first sentence of paragraph 17; the sentence from which Petitioner has selectively quoted states, in full: "There was some weed and grass pressure in most of the fields with some fields having high weed and grass pressure."[1] Respondent admits that Petitioner has accurately quoted a portion of the NAU report, but denies that the emphases are included in the report.  Respondent denies the allegations in the penultimate sentence of paragraph 17.  Respondent denies the allegations in the final sentence of paragraph 17.

18.     Respondent admits the allegations in the first sentence of paragraph 18. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the final sentence of paragraph 18.

---

[1] Respondent denies the allegations in footnote 1.

19. Respondent admits that RMA adjusters came to inspect RCR Farms' fields on August 22, 2018, but otherwise denies the allegations and characterizations in the first sentence. Respondent denies the allegations in the second sentence of paragraph 19.

20. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. Respondent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Denies.

23. Respondent admits the allegations in paragraph 23, with the exception of the phrases "as required," and "over 2,500 insured acre operation," which are denied.

24. Denies.

25. Respondent admits the allegations in the first sentence of paragraph 25, with the exception of "[o]n August 19, 2019," which is denied. Respondent denies the allegations in the second and third sentences of paragraph 25.

26. Denies.

27. In response to the allegations in paragraph 27, Respondent admits that a document in the administrative record includes the quoted language, but denies that the quoted language includes the emphasis supplied by Petitioner, and otherwise denies Petitioner's allegations and characterizations.

28. Denies.

29. Respondent admits the allegations in the first sentence of paragraph 29 and denies the allegations in the second sentence.

**Request for Judicial Review, Declaratory and Injunctive Relief**

The paragraphs in this section set forth the Petitioner's requests for relief, and do not contain any "allegation asserted against" Respondent to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent that a response consisting of an admission or denial is required, Respondent denies that Petitioner is entitled to the requested (or any) relief; Respondent denies that the GFP determinations were arbitrary or capricious, denies that RCR Farms is entitled to injunctive relief, denies that the Court can award any relief requiring payment from a non-party, denies that RCR Farms is entitled to or permitted to engage in discovery in this APA action, denies that a jury trial is available on any issues in this challenge to agency actions, and denies that Petitioner is entitled to fees, costs, or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b)(1)(A), 8(c)(1), and 12(b), Respondent states the following defenses and affirmative defenses to the claims for relief asserted in the Complaint:

1. The GFP determinations were not arbitrary or capricious.

2. The Complaint fails to state a claim on which relief can be granted.

3. The GRP determinations were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Respondent respectfully request that the Petitioner's Complaint be dismissed with prejudice and the Court award Respondent such other relief as it deems just and proper.

Case 1:20-cv-01602-RM   Document 13   Filed 08/25/20   USDC Colorado   Page 5 of 7

Dated: August 25, 2020.                    Respectfully submitted,

                                                         JASON R. DUNN
United States Attorney

*s/ Ian J. Kellogg*
Ian J. Kellogg
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, CO  80202
Telephone: 303-454-0278
E-mail: ian.kellogg@usdoj.gov

Counsel for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

jeff.todd@mcafeetaft.com

*s/ Ian Kellogg*
Office of the U.S. Attorney
